**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **KENNETH FRANCIS** | **CIVIL ACTION NO. 15-1454-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kenneth Francis ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in the United States District Court for the Middle District of Louisiana on April 27, 2015, and by order was transferred and received in this court on April 29, 2015. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names the Louisiana Department of Public Safety and Corrections, James LeBlanc, Jerry Goodwin, Paula Millwee, Tammy Poole, Jeffery Jackson, John Stephenson, Dan Rinehart, Jeffery B. Fuller, and Michele Norris as defendants.

Plaintiff claims that on November 12, 2012, he was incarcerated at the Allen Correctional Center in Kinder, Louisiana. He claims another inmate punched him in the ear. Plaintiff claims that on January 22, 2013, he was transferred to David Wade Correctional Center. He claims that during his intake interview, he made a medical emergency call because he was in pain and blood and puss were leaking from his ear. He claims Dr. Hearn examined him and discovered that his eardrum had burst and had a hole in it.

Plaintiff claims that he filed a grievance in the administrative remedy procedure on March 1, 2013, and was finally transferred to LSU Medical Center on May 3, 2013. He claims that after the doctor examined him and reviewed his medical chart, he was referred to a cardiologist because he had a prior allergic reaction to anesthesia in 1996. He claims that the screening was not finalized until March 9, 2015. Plaintiff claims he still has not had surgery on his ear which is in constant pain and periodically infected. Plaintiff claims his ear condition has been ignored and he has made numerous sick call complaints regarding the pain in his ear. Plaintiff claims that because his ear surgery has been delayed for more than three years, he has partial hearing loss and sizzling, whistling, and buzzing sounds in his ear.

Plaintiff claims the medical staff charged him with malingering on March 20, 2013, when he made a medical emergency sick call regarding his ear. He claims the disciplinary board found him guilty as charged.

Plaintiff claims that on October 22, 2014, he filed a petition in the Louisiana Nineteenth Judicial District Court against Nurse Norris and Nurse Millwee because they

failed to produce his entire medical chart and provide him with adequate medical care and treatment. He claims Norris and Nurse Jackson hate him and conspired to retaliate against him by disciplining him.

Plaintiff claims that on April 6, 2015, he made a sick call in the infirmary. He claims he showed Nurse Tammy Poole his prescribed medical duty statuses from the R.E. Barrow Jr. Treatment Center and the Louisiana State Penitentiary dated October 29, 1999 and August 18, 2000. He claims Poole informed him that she would not renew his duty status from a doctor at another prison facility. He claims Nurse Michele Norris informed him that he had to see Dr. Fuller to be approved for a new duty status.

Plaintiff claims he informed Poole and Norris that the security field guards had him working in the agricultural field line. He claims he also told them that the field guards were ignoring his duty statuses that were issued because he has a heart condition and a pin screw in his right big toe because of a bunion.

Plaintiff claims that on April 9, 2015, he approached Captain Rinehart and Major Stephenson and showed them his prior duty statuses. He claims Rinehart and Stephenson told him that a duty status is only good if it is prescribed by Dr. Fuller. Plaintiff claims that after he walked a mile in the agricultural field squad crew, he made a medical emergency sick call. He claims he was brought from the field to the infirmary. He claims he was seen by Nurse Jackson who gave him two Ibuprofen pills. Plaintiff claims he had sharp nerve pain, shock soreness, and numbness in his big toe joint.

Plaintiff claims that on April 17, 2015, he was examined by Dr. Fuller. He claims

he told Fuller that Rinehart and Stephenson forced him to work in the agricultural field farm line. He claims Fuller knew of his heart condition which is marked by angina and results in a decrease of blood flow to his heart which causes pain, dizziness, and increased heart rate if not properly treated. He claims Fuller also knew he was prescribed Nitrostate medicine. Plaintiff claims Fuller only prescribed a ten day duty status from April 17, 2015 to April 25, 2015 without any limited activities.

Plaintiff claims that on June 17, 2015, he was in the infirmary because of a medical emergency regarding his foot caused by excessive walking. He claims Norris instructed Jackson to file a fabricated charge of malingering against him. He claims Jackson ordered security to place him in cell-segregated administration. He claims he remained in segregation until August 19, 2015. He claims the Disciplinary Board found him guilty based on Jackson's version of the incident.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, court costs, and any other proper relief.

## LAW AND ANALYSIS

### Medical Treatment

Plaintiff claims he has been denied surgery for a burst eardrum. Plaintiff also claims he has been denied a proper duty status for his heart condition and foot condition. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which

concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that

Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that Dr. Hearn examined him regarding his ear problems and diagnosed him with a burst eardrum. He admits that he was transferred to LSU Medical Center where he was examined by a doctor and referred to a cardiologist. He admits he made numerous sick call complaints about the pain in his ear. The forms provided by Plaintiff show he was seen for his ear complaints on March 20, 2013, June 3, 2015 and June 4, 2015. Plaintiff admits he was examined by Dr. Fuller on April 17, 2015 regarding his duty status and was given a limited duty status for ten days. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff does not allege how the delay in receiving treatment for his ear was based on deliberate indifference. Plaintiff admits that the screening was not completed until March 9, 2015. Plaintiff also did not demonstrate that the hearing loss and sound he hears were caused by the delay in treatment of his ear rather than the actual punch to his ear.

Plaintiff disagrees with the treatment plan that Defendants provided him. He claims he should have had surgery for his ear and permanent duty statuses based on his heart

condition and surgical screw in his foot. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

**False Disciplinary Report**

To the extent Plaintiff claims Defendants filed false disciplinary reports against him, Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly,

in the instant case, even if the actions of Defendants resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff claims regarding false disciplinary reports should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff contends that his constitutional rights were violated by Defendants as retaliation for his filing of a lawsuit against them on October 22, 2014. He claims Defendants conspired to retaliate against him by disciplining him. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the filing of a disciplinary report--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated. Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been written up for a rule violation. In fact, Plaintiff was previously charged with malingering in March 2013, prior to filing the complaint against Defendants in October 2014.

Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). It is further recommended that motions #2, 15, 18, 22, and 24 be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of February, 2016.

Mark L. Hornsby
U.S. Magistrate Judge